**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN F. CARROLL,
                              Plaintiff,

          v.                                                    No. 05-CV-01427
                                                                (LEK/DRH)
PATRICIA CALLANAN; MEGAN MacTAVISH;
SUSAN VERBEKE; JEAN KING; CHARLES
FINN; and MARILYN BERLIN,

                              Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

JOHN F. CARROLL
Plaintiff Pro Se
98-A-2128
Washington Correctional Facility
Post Office Box 180
Comstock, New York 12821

HON. ANDREW M. CUOMO                          JEFFREY P. MANS, ESQ.
Attorney General for the                      Assistant Attorney General
    State of New York
Attorney for Defendant Goord
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

     Plaintiff pro se John Carroll ("Carroll"), an inmate in the custody of the New York State

Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. §

---

     [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1983 alleging that defendants, seven DOCS employees,[2] violated his constitutional rights under the First and Fourteenth Amendments.  Compl. (Docket No. 1).  Presently pending is defendants' second motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 30.  Carroll opposes that motion.  Docket No. 37.  For the following reasons, it is recommended that defendants' motion for summary judgment be granted.

## I.  Background

The facts have been set forth in the prior Report-Recommendation and Order, with which familiarity is assumed.  See Docket No. 23; see also Docket no. 26.

Carroll initially asserted sixteen causes of action and defendants sought dismissal of all claims.  Carroll v. Callanan, No. 05-CV-1427 (LEK/DRH), 2007 WL 965435 at *2 (N.D.N.Y. Mar. 30, 2007).  The Court granted defendants' motion to dismiss as to Carroll's claims alleging (1) due process violations, (2) threats and reprisals, and (3) an inadequate grievance program contained in the first eleven and the sixteenth causes of action.  Id. at 4-7.  However, the Court (1) denied defendants' motion with regard to Carroll's retaliation claims and (2) denied defendants' collateral estoppel claims "without prejudice to renewal upon a more complete record."  Id. at 2-3.  As to defendants' collateral estoppel contention, Carroll filed an Article 78 petition and two motions to renew in front of the Honorable Leslie

---

[2]Defendants Callanan, MacTavish, Verbeke, King, Finn and Berlin are identified by name.  Additional individuals are vaguely identified by the term "all others known and unknown."  Compl. (Docket No. 1).  Only the aforementioned named defendants have appeared in this action.

E. Stein, Albany County Supreme Court.  Docket No. 30m³ Exs. A, J, K.  Those applications were denied on their merits.  Id.

## II.  Discussion

Surviving the initial motion to dismiss are Carroll's First Amendment claims of (1) retaliation and (2) denial of access to the courts and his counsel  Defendants move for summary judgment on the ground that Carroll's remaining claims were previously decided during the Article 78 litigation and are thus barred by collateral estoppel.  Carroll alleges that he was denied a full and fair opportunity to litigate the aforementioned claims during the state court procedures.

## A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim.  When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  However, "a 'complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." Gilfus v. Adessa, No. 5:04-CV-1368 (HGM/DEP), 2006 WL 2827132, at *3 (N.D.N.Y. 2006) (citing De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996) (internal quotations omitted)).  Thus, dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party cannot prove a set of facts

---

³Exhibits in support of defendants' motion to dismiss were filed traditionally per court order.  Docket No. 29.

which would support his or her claim or entitle him or her to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

4

judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477

U.S. at 247-48.

Here, evidence outside the complaint has been submitted and considered.  Therefore,

defendants' motion will be determined as one for summary judgment rather than dismissal.

See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).


## B. Collateral Estoppel

Under the Full Faith and Credit Clause of the United States Constitution, federal courts

must grant state court judgments the same preclusive effects as those given to other courts

within the state.  Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citing Migra v. Warren

City Sch. Dist., 465 U.S. 75, 81 (1984)).  "Once a court has decided an issue of fact or law

necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a

different cause of action involving a party to the first case."  Allen v. McCurry, 449 U.S. 90,

94 (1980).  Collateral estoppel is applicable

> if (1) there has been a final determination on the merits of the issue
> sought to be precluded; (2) the party against whom . . . preclusion is
> sought has a full and fair opportunity to contest the decision. . .; and (3)
> the issue sought to be precluded by the earlier suit is the same issue
> involved in the later action.

Davis v. Halpern, 813 F.2d 37, 39 (2d Cir. 1987) (citation omitted).  The requirement of a full

and fair opportunity to contest requires that the plaintiff "was fully able to raise the same

factual or legal issues" in the prior litigation as asserted in the present case.  LaFleur v.

Whitman, 300 F.3d 256, 274 (2d Cir. 2002).

Here, defendants again contend that Carroll's claims are collaterally estopped by the

judgment against Carroll in the Article 78 proceeding.  See Docket No. 30.  "[A] judgment in

an Article 78 proceeding precludes relitigation of those issues already decided in that

judgment." Watkins v. Annucci, No. 02-CV-4475 (DAB), 2006 WL 722005, at *4 (S.D.N.Y.

Mar. 22, 2006); see also Giakoumelos v. Coughlin, 88 F.3d 56, 61 (2d Cir. 1996) ("[Plaintiff]

chose to litigate his claims by way of an Article 78 proceeding.  Collateral estoppel in a

subsequent § 1983 action is one of the risks attendant to his decision to follow that route.").

   In this case, both First Amendment issues were fully and fairly litigated.  First, there has

been a final determination on the merits for both the retaliation and the access to the courts

claims. See Docket No. 30, Ex. A at 8-10.   Second, Carroll had a full and fair opportunity to

contest the decisions by raising the issues of retaliatory transfer and denial of court access

in multiple documents submitted during the course of his Article 78 proceeding.  Finally, the

factual circumstances and legal issues of the alleged retaliatory transfer and denial of

access to the courts were clearly presented and addressed in both proceedings.

   As to his retaliatory transfer claim, in the present proceeding Carroll alleges that after

serving defendants with the Article 78 petition, an impromptu transfer review was submitted

and he was improperly transferred to Bare Hill Correctional Facility. See Compl. at ¶¶ 41-

42.  In Carroll's state court proceedings, his verified supplemental petition identically alleged

that  Carroll's "transfer review was changed from . . . Hudson Correctional Facility . . . to

Bare Hill Correctional Facility . . . , [a] disciplinary facility, 240 miles away from his home,"

which marked the "culminat[ion] . . . of the threatened transfer only a few days after

[defendants] being served. . . ."  Docket No. 30, Eh. E at ¶¶ 33-34.  Additionally, the only

cause of action asserted in the supplemental petition was that defendants "conspired and

succeed" in a retaliatory transfer. Id. at ¶¶ 37-42.   Moreover, Carroll fully addressed the

purported retaliatory transfer that "was a result of petitioner exercising his Constitutional

Rights" in "Issue Four" of his memorandum of law. Id., Ex. E2 at 4-7.  Furthermore, this subject was discussed directly and at length in Carroll's reply affirmation and again, briefly, in the reply to defendants' answer to the supplemental petition and addendum to the supplemental reply to defendants' answer. Id., Ex. F at ¶¶ 32, 48-64; Ex. H at ¶¶ 7-8; Ex. I at ¶ 15.  All of the above mentioned documents were considered during the adjudication of the Article 78 proceedings. Id., Ex. A at 11.  Thus, it is clear that the alleged retaliation, the transfer to Bare Hill allegedly triggered by defendants' receipt of service, is the same transaction underlying both the state and federal claims.  Additionally, there is ample evidence in the record to substantiate the assertion that Carroll, in both the state and federal proceedings, raised the factual and legal issues surrounding the retaliation claim. Therefore, Carroll had a full and fair opportunity previously to litigate his retaliation claim. Thus, that claim is barred by collateral estoppel and defendants' motion, on this ground should be granted.

As to denial of access to the courts, Carroll alleges that defendants' actions, which precluded him from meeting with his attorney, "time-barred [the] filing [of] an appeal from a lower court decision in an unrelated crimianl [sic] action." Compl. at ¶ 62.  In Carroll's reply affirmation in the Article 78 case, he specifically stated the same cause of action claiming a "violati[on] of petitioner's Constitutional Rights," resulting in the lapse of time allotted to appeal "on a very important legal matter before the NYS Supreme Court, Appellate Division, 3rd Department." Docket No. 30, Ex. F at ¶ 8.  This Constitutional violation was also asserted, although briefly, in Carroll's memorandum of law. Id., Ex. E2 at p. 6.  All of the above-mentioned documents were considered during the adjudication of the Article 78 proceedings. Id., Ex. A at 11.  Therefore, it is clear that the First Amendment violation

asserted both here and in the state court proceedings evolve from the same events.

Additionally, although the mention of the denial of access to courts was not nearly as

pervasive in the record as the retaliation claim, Carroll still had a full and fair opportunity to

present the facts and circumstances surrounding his denial of counsel.  Thus, defendants'

motion, on this ground should also be granted.


### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion for summary judgment (Docket No. 30) be

**GRANTED** as to all remaining claims and defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892

F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  November 27, 2007
       Albany, New York

_David R. Homer_

United States Magistrate Judge